UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON CHAMBERS,<br><br>        Petitioner,<br><br>    v.<br><br>J. DOERER, et al.,<br><br>        Respondents. | Case No.: 1:25-cv-01785-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on December 9, 2025, challenging his conviction and sentence pursuant to 28 U.S.C. § 2241. (Doc. 1.) For reasons that follow, the Court finds it lacks jurisdiction to consider his claims. Therefore, the Court will recommend the petition be SUMMARILY DISMISSED.

**I.    PRELIMINARY REVIEW**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The provisions of Rule 4, which are applicable to § 2241 petitions under Rule 1(b), provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

1

judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

## II.     BACKGROUND

On August 17, 2023, Petitioner was found guilty in the United States District Court for the Northern District of Ohio of possession with intent to distribute controlled substances and felon in possession of a firearm. See United States v. Chambers, Case No. 1:21-cr-00848-SO (N.D. Ohio 2023) (Doc. 76[1]). On December 8, 2023, Petitioner was sentenced to a term of 165 months in federal prison on count 1 and 120 months on count 2, to be served concurrently, with credit for time served. (Doc. 91.)

On May 15, 2024, Petitioner filed a motion for relief from judgment. (Doc. 96.) On June 28, 2024, the sentencing court denied the motion. (Doc. 96.)

On December 30, 2024, Petitioner filed a motion for writ of mandamus in the Sixth Circuit Court of Appeal, but he voluntarily dismissed the motion on January 31, 2025. (Docs. 98, 99.)

Petitioner again filed a motion for writ of mandamus in the Sixth Circuit Court of Appeal on July 24, 2025, which he voluntarily dismissed on November 14, 2025. (Docs. 100, 101.)

On December 9, 2025, Petitioner filed the instant habeas petition in this Court challenging his conviction and sentence.

## III.    DISCUSSION

In the instant petition, Petitioner presents confusing, difficult to decipher and factually incorrect claims challenging his conviction and sentence. His arguments are frivolous, and in any event, the Court is without jurisdiction to consider them.

Petitioner believes his sentence has been incorrectly calculated and/or completed. On one hand, he claims the matter was a civil matter and there was no "sentence" or "imprisonment" set forth in the

---

[1] The Court hereby takes judicial notice of Petitioner's case of conviction. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records). Further docket references are to the docket in Chambers, Case No. 1:21-cr-00848-SO.

judgment. (Doc. 1 at 1-2.[2]) He claims common law was applied under the Miller Act. (Doc. 1 at 2.) This is incorrect. As previously noted, the judgment shows Petitioner was sentenced to 165 months in federal prison on count 1 and 120 months on count 2, to be served concurrently.

On the other hand, Petitioner contends his sentence has been satisfied. He claims the sentencing court issued a "full credit for time served." (Doc. 1 at 2.) The judgment reflects the Court credited Petitioner's sentence for time already served. This refers to the time Petitioner spent in custody before and during trial. The judgment does not reflect that Petitioner's sentence was "fully served."

Petitioner also contends his judgment has been satisfied by virtue of Petitioner having "issued a bond and policy of insurance into the registry of the court there to abide the judgment of the court meeting the IRS definition of a 'disputed ownership fund' pending the outcome of the action." (Doc. 1 at 3.) This claim is also frivolous. Petitioner has attached to his petition several standard forms utilized by the United States General Services Administration intended for use by government contractors and contracting personnel for compliance with and management of financial security requirements in Federal Government contracts. Petitioner apparently believes that by completing these forms, he has "issued a bond" to satisfy the criminal judgment. These forms have no application in Petitioner's criminal case, nor does completion of these forms satisfy his criminal judgment.

Although Petitioner's claims lack merit, the petition must be dismissed because the Court does not have jurisdiction to consider his petition. A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Jones v. Hendrix, 599 U.S. 465, 469 (2023); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Jones, 599 U.S. at 469; Grady v. United

---

[2] Further citations are to the instant case docket.

States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. Jones, 599 U.S. at 474; Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[T]he saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones, 599 U.S. at 478. "[I]f - and only if – § 2255's remedy by motion is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Jones, 599 U.S. at 471 (quoting 28 U.S.C. § 2255(e)); Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). To show § 2255 constitutes an "inadequate and ineffective" remedy, a petitioner must: (1) make a claim of actual innocence; and (2) show he has never had an 'unobstructed procedural shot' at presenting the claim. Shephard v. Unknown Party, Warden, FCI Tucson, 5 F.4th 1075, 1076 (9th Cir. 2021); Ivy v. Pontesso, 328 F.3d 1057, 1059-1060 (9th Cir. 2003); Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192.

Here, Petitioner fails on both prongs. First, he does not claim actual innocence for purposes of bringing a § 2241 petition under the savings clause. To show actual innocence, Petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) (citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Id. (citation omitted). Petitioner claims he has fulfilled the terms of his sentence. Frivolous as the claims may be, they have nothing to do with factual innocence.

4

1  Petitioner also fails to show he was denied an unobstructed procedural attempt at presenting his
2  claims. "When deciding whether a petitioner has had an 'unobstructed procedural shot,' we consider
3  '(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct
4  appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's
5  claim after that first § 2255 motion.'" Allen v. Ives, 950 F.3d 1184, 1190 (9th Cir. 2020) (quoting
6  Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008) (internal quotation marks omitted)). Petitioner
7  fails to satisfy either prong of this inquiry, because he has not yet exhausted his direct appeal or filed a
8  first § 2255 motion. See Chambers, Case No. 1:21-cr-00848-SO. Petitioner may avail himself of those
9  procedural opportunities by presenting his claims in an appeal or § 2255 motion in the sentencing
10 court. Thus, Petitioner cannot show he has not had an unobstructed procedural opportunity to present
11 his claims.

**IV.    ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**V.     RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and

1 Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file
2 objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v.
3 Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is
4 immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule
5 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's
6 judgment.

IT IS SO ORDERED.

Dated:   **December 11, 2025**            /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE